HAWAIIAN SUGAR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17551, 21190, 23144.   Promulgated October 1, 1928.

*A. A. Ballantine, Esq., S. Milton Simpson, Esq.,* and *Bernard Knollenberg, Esq.,* for the petitioner.

*M. N. Fisher, Esq.,* and *L. C. Mitchell, Esq.,* for the respondent.

**OPINION.**

Phillips: The principal issue in each of these appeals is the March 1, 1913, value of the petitioner's leaseholds. These proceedings were heard at the same time as those of *Oahu Sugar Co., Ltd.*, 13 B. T. A. 404, and *Ewa Plantation Co.*, 13 B. T. A. 625. Much of the evidence with respect to the general situation of the sugar industry in the Hawaiian Islands is the same in all of these cases and much that we have said in the opinions in those cases applies here with equal force.

The leasehold interest of the petitioner as of March 1, 1913, included a sublease of 1,194 acres, which sublease expired on December 31, 1917. Since the first year before us is 1918, no deduction for the exhaustion of this sublease can be or is claimed. We are concerned with the value of the lease upon 5,720 acres, expiring December 31, 1939, and the grinding contract which was an inherent part of the lease agreement.

When the lease was obtained these lands were arid. They were brought under irrigation by the construction of a system of ditches, flumes, tunnels, and a syphon which brought water from the mountains by gravity. This system appears to have been very successful and economical, for the petitioner operated its plantation upon a much smaller investment in improvements and tangible assets than the other companies mentioned above and realized very substantial profits despite an average production of less than seven tons an acre. The comparatively low cost of production per ton placed it in a favorable position to withstand the threatened lower prices for its product. We are of the opinion that the fair market value of the leasehold interest expiring December 31, 1939, together with the grinding contract which formed a part thereof, exclusive of that portion of the leasehold interest which expired in 1917 and exclusive of the value of any improvements upon the premises, was $1,200,000 on

March 1, 1913, and have so found. A reasonable allowance for the exhaustion thereof during each of the taxable years involved is $44,720.50.

The petitioner further alleges that the taxable net income for 1921 was incorrectly increased by $21,611. Error is admitted by the respondent. Taxable income should be adjusted accordingly.

With respect to the year 1922, it is alleged that the Commissioner erred in disallowing as an expense $2,543.43 expended to replace a broken crusher roller. The testimony discloses that such rollers are only a part of the mill, that they are operated under heavy pressure, and are subject to frequent replacement, that such replacement is necessary to the operation of the mill but does not extend the life of the mill as a whole, that such rollers have a maximum useful life of three years and a much shorter average life. Breakage is so frequent an occurrence that spare rollers are always carried at the mills in order that broken rollers may be replaced without loss of operating time at the mill. We have no doubt that in such circumstances the petitioner was justified in charging the cost as an expense and that the respondent erred in disallowing the deduction claimed. See *Libby & Blouin, Ltd.*, 4 B. T. A. 910; *Illinois Merchants Trust Co., Executor*, 4 B. T. A. 103.

*Decision will be entered under Rule 50.*